IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THURMAN RUSSELL                                                    PETITIONER

VS.                        CASE NO. 5:17CV00120 JM/PSH

WENDY KELLEY, Director,
Arkansas Department of Correction (ADC)                            RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

In May 2006 Thurman Russell ("Russell") was convicted by a Baxter County jury on the charges of two counts of solicitation to commit capital murder. Russell was sentenced to consecutive 360 month terms of imprisonment in the Arkansas Department of Correction ("ADC"). A direct appeal[1] was unsuccessful. *Russell v. State*, 2008 WL 5176632 (Ark. App.) (an unpublished opinion). Russell filed a Rule 37 petition with the trial court, alleging six claims for relief. This petition was denied without a hearing, and Russell's appeal was dismissed by the Supreme Court of Arkansas in June 2010. In January 2011 Russell sought a state court writ of habeas corpus,

---

[1] Russell argued the trial judge erred in refusing to recuse, erred in commenting on evidence presented by the defense, erred in thereafter denying a request for mistrial, and erred in permitting the hearsay testimony of Patricia Honeycutt, who testified about alleged threats made by Russell outside of her presence.

1

arguing many of the same grounds advanced in his Rule 37 petition. The state court habeas petition was dismissed in March 2011. In May 2016 Russell sought federal habeas corpus relief with this Court, alleging the ADC was improperly denying him 411 days of good time earned prior to his conviction in Baxter County, and denying him 681 days of good time since entering ADC custody. That case was dismissed without prejudice. *See* docket entries 8-8, 8-9. The Court found Russell had not exhausted available state court remedies prior to seeking relief from this Court, as required by 28 U.S.C. § 2254(b) & (c). Specifically, the Court found the following:

> . . . Russell's challenge is to the computation and execution of his sentence, a topic which is typically reserved for state officials. It appears that the petitioner has failed to exhaust his state court remedies because he has not brought a request for declaratory judgment and writ of mandamus raising the "good time" issue which he now presses in his habeas petition. The request for declaratory relief and writ of mandamus is a procedure whereby Russell may challenge the execution and computation of his sentence. In *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998), an inmate utilized this procedure to challenge his classification for parole purposes. This procedure has been used by other inmates in similar circumstances. *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo v. Lockhart*, 279 Ark. 180, 650 S.W.2d 227 (1983). Russell's claim in this case is that the state has improperly calculated his sentence, failing to properly credit him for good time on two occasions. This claim would appear to be cognizable in state court.

*See* docket entry no. 8-9, pages 2-3.

In Russell's current habeas corpus petition, he alleges as his sole ground for relief that the time he is to serve is longer than the actual credits accrued. Although worded in a slightly different fashion, this allegation is the same claim pressed in his earlier federal habeas corpus case. Here, Russell alleges that he appealed to the "state records department at North Central Unit & clerk refused to address the issue." Docket entry no. 1, page 4. The form used by Russell provides a space for Russell to inform the Court as follows: "If you did not exhaust your state remedies on Ground One, explain why:" *Id.* Russell left this space empty. The form also provides the opportunity for Russell to list other remedies he pursued in his effort to exhaust his state remedies. Here, Russell indicated he sought executive clemency and a writ of habeas corpus. Docket entry no. 1, page 5.

In her response to the current habeas petition, respondent Wendy Kelley ("Kelley") moves,

as she did in the prior case, to dismiss the petition for writ of habeas corpus. Kelley contends, among other things, that Russell may not pursue federal habeas corpus relief until he has first exhausted available state court avenues for relief. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. l98l). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id.* However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 62l F.2d 92l, 923 (8th Cir. l980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether Russell has an available state remedy.

Since Russell is again challenging the computation and execution of his sentence, a topic which is typically reserved for state officials, and since this Court has previously ruled he must advance this argument in state court, if follows that the result in this case will be no different than in case no. 1:16cv00058. The reasoning and result from the prior case controls.

Therefore, we find that Russell must exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) & (c). We recommend that the petition be dismissed without prejudice to allow Russell to pursue relief[2] in state court.

Based upon the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow Russell to seek appropriate relief in state court, and the relief requested be denied.

---

[2] Russell's state habeas corpus action, his request for clemency, and his appeal to the ADC's North Central Unit demonstrate his ability to pursue his claims, an ability which will benefit him in exhausting his available state court remedies.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 25th day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE